878 F.2d 1446
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
The VEMO COMPANY, Appellant,
v.
The UNITED STATES, Appellee.
 No. 89-1057.
 United States Court of Appeals, Federal Circuit.
 June 1, 1989.
 
 Before MARKEY, Chief Judge, SKELTON, Senior Circuit Judge, and PAULINE NEWMAN, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The Vemo Company (Vemo) appeals from the decision of the Armed Services Board of Contract Appeals (ASBCA or board); docket no. 31911, in which the board held that Vemo was not entitled to receive a Value Engineering Incentive-Construction award under a VE clause in a fixed fee contract of $7,200,000 between it and the Navy, which award Vemo claims by reason of an alleged value engineering change proposal (VECP) it submitted to the Navy during the performance of the contract.
 
 
 2
 The case was tried before an administrative judge (AJ) whose opinion and decision was approved by the full board. The AJ found that the contract required Vemo to construct two buildings about a mile apart and separated by a fence. They were to be constructed sequentially and no work was to be done on the second one until the first one had been completed. However, with the Navy's permission, Vemo drilled several test holes on the site of the second building and found sub-soil conditions different from those indicated in the soil boring logs, consisting of wet loose man-made fill of organic material, a buried concrete wall and water line pipes. Vemo communicated its findings to the Navy, which immediately stopped all work on the second site and redesigned the structure and foundation of the second building. It was able to do this while Vemo was still working on the first building. Had it not been for the test hole information furnished by Vemo aforesaid, the Navy would not have known of the sub-soil conditions until the first building had been finished and work was started by Vemo on the second building late in the contract period. This would have required all work on the contract to be stopped at that time while the Navy redesigned the foundation and structure of the second building, thereby causing delay and overhead costs. Vemo contends that it should participate in these Navy savings and asks for $122,579 under the VE clause as its share. Its certified claim in this amount was denied by the contracting officer, hence the appeal.
 
 
 3
 The AJ questioned whether the test hole information furnished by Vemo to the Navy constituted a valid VECP within the provisions and meaning of the VE clause in the contract, but held that even if it complied with the VE clause Vemo could not recover, because it did not reduce the contractor's cost of performance. We agree. The VE clause quoted in the AJ's opinion authorized an award to Vemo only if it submitted a VECP that resulted in "instant contract savings" to the contractor's cost of performance. This did not happen here. The AJ found that the alleged VECP actually increased the contractor's cost of performance, and increased the total cost of the contract in the sum of $898,237, which was included in an agreed amendment of the contract in which Vemo reserved no claims.
 
 
 4
 In his opinion, the AJ meticulously considered each of the numerous issues raised by Vemo in a very excellent and lengthy treatment of the case. We are unpersuaded that the trial judge committed any error and see no reason to reiterate further his thoughtful and detailed analysis. Accordingly, we affirm on the basis of that opinion.